RESURGENCE ASSET MANAGEMENT, LLC, et al., Respondents, v STEVE GIDUMAL, Appellant. [21 NYS3d 66]—

Appeal from order, Supreme Court, New York County (Anil C. Singh, J.), entered September 2, 2014, which granted plaintiff Resurgence Asset Management, LLC's (RAM) motion for summary judgment on its breach of contract (first) cause of action, deemed an appeal from judgment, same court and Justice, entered October 16, 2014, awarding RAM the total amount of $522,162.41, and, so considered, said judgment unanimously reversed, on the law, without costs, and RAM's motion denied.

On September 28, 2008, RAM and certain affiliates entered into an agreement terminating defendant's employment as fund manager. In connection with that, RAM, among other things, agreed to pay defendant an amount equal to $838,662, which represented accrued and unpaid profits of the fund managed by defendant as of his termination date ("compensation payment"). That payment was subject to a future clawback obligation entitling RAM to recover a portion of the fees advanced to defendant, to repay certain fund investors. RAM also represented in the termination agreement that defend-

ant's compensation payment is not less than the "compensation amount" paid or payable to defendant's colleague for the same period.

In 2012, plaintiffs initiated this action asserting, among other things, a breach of contract cause of action alleging that defendant had breached his obligation to return his pro rata share of the clawback amounts owed by RAM.

The court erred in granting RAM's motion for summary judgment on its breach of contract cause of action, as material issues of fact exist with respect to how RAM calculated defendant's pro rata share of the clawback obligation. Before defendant is held liable as matter of law for the amount sought by RAM, he should be entitled to depose a witness who can provide a full explanation as to how the pro rata share was determined, including an explanation of how RAM determined the persons who were subject to the clawback obligation and the persons who were not.

In addition, the court erred to the extent its order can be read as determining that RAM, as a matter of law, provided documentation sufficient to show that it had satisfied the representation that defendant's compensation payment was not less than the compensation amount paid or payable to defendant's colleague, and to the extent it can be read as determining that RAM provided complete and accurate documentation showing that it had paid defendant all the profits to which he was entitled under the termination agreement, including any additional profits coming due following his termination date. Concur—Sweeny, J.P., Acosta, Andrias and Moskowitz, JJ.